IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **JEFFREY R. WERNER,** | CIVIL ACTION NO. |
| **Plaintiff,** | 2:19-cv-610-HCM-DEM |
| v. | |
| **BN MEDIA, LLC; and DOES 1 through 50 inclusive,** | |
| **Defendants.** | |

## PLAINTIFF JEFFREY R. WERNER'S BRIEF IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Jeffrey R. Werner ("Werner" or "Plaintiff") respectfully submits this brief in opposition to Defendant BN Media's ("BN Media" or "Defendant") Motion to Dismiss Plaintiff's Amended Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

This case concerns a copyright holder's ability to have his day in court. More specifically, this case presents the deeper question of how to reconcile the existential threat posed by the digital age to the livelihood of photographers like Plaintiff. While Defendant would aver that copyright enforcement is the basis for Plaintiff's business model, it is instead a necessary response that Plaintiff and many other photographers in the industry have been forced into given the Internet's facilitation of stolen works. As explained through Plaintiff's description of his processes below, these claims are timely. However, the Court should also deny Defendant's motion because it would otherwise subject Plaintiff and other copyright holders to the impossible standard of proving a negative and frustrate the purposes of the Copyright Act.

1

## STATEMENT OF FACTS

Plaintiff Jeffrey R. Werner ("Werner" or "Plaintiff") is a professional photographer by trade with over forty years of experience. (Doc. No. 30 at ¶ 9.) His work has appeared in several reputable publications including *Life, Time, Newsweek, People, Marie Claire, FHM, Smithsonian, Playboy, In Touch, Daily Mail,* and *Penthouse*. (*Id.*) Werner is primarily known for his specialty work in capturing video and photographs of dangerous stunts, and is the only photographer inducted into the Stuntworld Hall of Fame. (*Id.* at ¶ 10.) His work has been featured on such television shows as *That's Incredible!, The World's Greatest Stunts, Stuntmasters, Guinness World Record Spectaculars, Ripley's Believe It Or Not,* and *I Dare You.* (*Id.*) In addition to his stunt work, Werner is well-known for his work with exotic animals, sideshow eccentricities, and people who have overcome incredible obstacles. (*Id.* at ¶ 11.) The uniqueness of Werner's portfolio has resulted in substantial licensing opportunities for his work, which he relies on to research and fund future shoots. (*Id.*)

It is Werner's practice to license his works one at a time, for a prescribed period of time depending on the circulation of the publication as well as the size and number of photographs used. *See* Declaration of Jeffrey R. Werner in Support of Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Werner Decl.") at ¶ 5. Werner also never gives away the rights to his works in perpetuity, as doing so would limit the use, life, and value of the works. *Id.* at ¶ 6.

Over his forty-year career as a freelance photographer, Werner has made a point of always keeping the rights to his pictures. *Id.* at ¶ 4. It wasn't until late 2013 while overseas, that he was first contacted by one of his employees about a number of stories that were appearing on various websites and electronic media with no record of a license. *Id.* at ¶ 7. Upon further investigation, Werner discovered that sheer volume of infringements was unmanageable and tremendously

affected his bottom line. *Id.* at ¶ 9. He could no longer re-syndicate stories that would historically triple the amount paid for an original story. *Id.* at ¶¶ 9–10. The lost income would make it difficult for him to finance other projects. *Id.* at ¶ 11.

To address this endemic problem, Werner hired additional staff to take over licensing for his agency, Incredible Features, Inc. and to focus on the labor-intense process of protecting his copyright and going after infringers. *Id.* at ¶¶ 12, 14. As alleged in the Amended Complaint, "[d]espite using sophisticated search techniques and advanced software, detecting infringements can be like finding a needle in the proverbial haystack with many infringements going undetected for years at a time due to the vastness and breadth of the modern Internet." (Doc. No. 30 at ¶ 14.) Moreover, although a digital list is produced by the software, "a human must manually review each search to verify that the result is not a false positive, and must further verify that the use in question is not licensed." (*Id.* at ¶ 15.)

As part of this process, on or about May 11, 2018, Werner discovered that his copyrighted photographs of Dillie the Deer (the "Images") were being used on Defendant's Website, http://www.beliefnet.com/ (the "Website"), in an article titled *Dillie the Blind Deer is so Dear to Dr. Melanie Butera and Family*. (*Id.* at ¶ 24.) Werner does not recall visiting Defendant's websites prior to discovering the infringing uses of his copyrighted works. (Werner Decl. at ¶ 3.) Likewise, on or about October 29, 2018, Werner discovered that his copyrighted photographs of the Conjoined Twins (the "Images") were being used on Defendant's Website in an article titled *Tatiana y Krista comparten sus ojos, pensamientos y sensaciones*. (Doc. No. 30 at ¶ 25.) Werner had no record of a license to Defendant for any of the Images, and is informed and believes Defendant knew that it did not have permission to use the Images. (*Id.* at ¶¶ 27–28.)

Plaintiff filed suit for copyright infringement with respect to all four Images on or about

May 28, 2019, or slightly over a year after first discovering use of the Images. (Doc. No. 1.) In an effort to streamline the issues for litigation, Plaintiff agreed to transfer venue to the Eastern District of Virginia, and removed its exclusive licensing agency Incredible Features, Inc. as a party even though no issues regarding standing were truly in dispute despite Defendant's earlier motion. (*See* Doc. Nos. 19, 29, 30.) Similarly, Plaintiff believes this case is straightforward—Werner is the copyright holder and the Defendant used the Images without permission. *See EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 504 (E.D. Va. 2009) ("In order to prove copyright infringement, a plaintiff must show (1) that it owned a valid copyright, and (2) that the defendant copied original elements of plaintiff's copyrighted work."). The Court should not be forced to address issues of fact that are best resolved after discovery. For the reasons stated below, Plaintiff's claims are timely and Defendant's motion should be denied.

## **LEGAL STANDARD**

Federal Rules of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As noted by this court, "this directive has not been interpreted to require 'detailed factual allegations.'" *S. Coal Corp. v. IEG PTY, Ltd.*, N. 2:14-cv-617, 2015 WL 9948206, at *2 (E.D. Va. Dec. 4, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)); *Levi v. Twentieth Century Fox Film Corp.*, No. 3:16-CV-129, 2017 WL 1227933, at *7 (E.D. Va. Mar. 31, 2017). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most

favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Lucas v. Henrico Cty. Sch. Bd.*, 822 F. Supp. 2d 589, 600 (E.D. Va. 2011).

A plaintiff must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff must "allege facts sufficient to state all elements of [his or] her claim," *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), "[t]he Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should be granted only in 'very limited circumstances.'" *S. Coal Corp.*, 2015 WL 9948206, at *2 (quoting and citing *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989)).

## ARGUMENT

Pursuant to the Copyright Act, 17 U.S.C. § 507(b), the statute of limitations expires three years after the claim accrues. As the Defendant acknowledges in its motion, "[t]he Fourth Circuit generally follows the 'discovery rule' that 'starts the limitations period when "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim."'" (Doc. No. 32-1 at 4) (quoting *Live Face on Web, LLC v. Absonutrix, LLC*, No. 1:17-cv-937, 2018 U.S. Dist. LEXIS 80017, at *14 (M.D. N.C. 2018) (quoting *Petrella v. MGM*, 572 U.S. 663, 671 n.4 (2014) and otherwise collecting cases)). Simply put, "a claim accrues when 'one has knowledge of a violation or is chargeable with such knowledge.'" *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 796 (4th Cir. 2001) (quoting *Hoalting v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 202 (4th Cir. 1997)).

Based on the standard posited by Defendant (Doc. No. 32-1 at 5), due diligence is satisfied when the Plaintiff can show that it took "[s]uch a measure of prudence, activity, or assiduity, as is

properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances" to discover harm. *See Rossman v. Lazarus*, No. 1:08-cv-316 (JCC), 2008 U.S. Dist. LEXIS 81701, at *12 (E.D. Va. 2008). Nevertheless, showing that the plaintiff failed to timely bring its claims pursuant to the statute of limitations, remains the Defendant's burden to prove. *Clifton D. Mayhew, Inc. v. Blake Const. Co.*, 482 F.2d 1260, 1262 (4th Cir. 1973) ("Furthermore, the burden is upon the party pleading the statute of limitations as a defense to show by a preponderance of the evidence that the cause of action arose more than the statutory period before the action was instituted."). More importantly, this Court has acknowledged that the question of "actual or constructive knowledge of previous violations is a question of fact to be resolved after discovery, not a motion to dismiss." *State Analysis, Inc. v. Am. Fin. Servs. Assoc.*, 621 F. Supp. 2d 309, 322–23 (E.D. Va. 2009).

Defendant contends that Plaintiff's claims are time barred by the statute of limitations in that he did not diligently discover the alleged infringements. Defendant's motion should be denied because the facts as alleged in the Amended Complaint and supported by the Werner Declaration establish that Plaintiff cannot be held chargeable with actual or constructive knowledge of the infringements. Therefore, Defendant has failed to meet its burden of proof.

Werner did not generally become aware of the magnitude of infringements taking place over the Internet until late 2013 to beginning 2014, or about three to four years after the Dillie the Deer Images were posted to Defendant's website in March 2010. (Werner Decl. at ¶ 7–8.); *see* (Doc. No. 1-2, Ex. B). Although the Conjoined Twins Images were posted in August 2015 after Werner had started to enforce his copyrights, Werner nevertheless does not recall visiting Defendant's websites himself and is not aware of anyone from his agency who might have visited the websites before discovering the infringements. (Werner Decl. at ¶ 3.) Moreover, the five-

6

month difference between the discovery of the Dillie the Deer Images on May 11, 2018 and the Conjoined Twins Images on October 29, 2018 does not materially affect the statute of limitations. Plaintiff filed suit with respect to both sets of Images on May 28, 2019, or approximately one year after discovering the Dillie Deer Images, and therefore well within the three-year statute of limitations period.

Contrary to the Defendant's assertions, Plaintiff does make a diligent effort to identify and timely prosecute infringements on the Internet, even though these infringements were discovered years later. However, Plaintiff cannot be charged with knowledge of all infringements on the Internet. *Energy Intelligence Grp., Inc. v. CHS McPherson Refinery, Inc.*, 300 F. Supp. 3d 1356, 1367 (D. Kan. 2018) (declining to apply the more stringent standard of requiring that the plaintiff "be held to have 'special knowledge' about copyright infringement because of its enforcement policies."). Requiring such an unrealistic and stringent standard would pose as an undue burden, and be tantamount to granting a perpetual license without any fear of recourse from copyright holders.

As stated in the Amended Complaint, Werner uses a variety of third-party reverse image search software to detect infringements. (Doc. No. 30 at ¶ 13.) Nevertheless, Plaintiff alleges "detecting infringements can be like finding a needle in the proverbial haystack with many infringements going undetected for years at a time due to the vastness and breadth of the modern Internet." (*Id.* at ¶ 14.) In addition, although a list is produced by the software, "a human must manually review each search result to verify that the result is not a false positive, and must further verify that the use in question is not licensed." (*Id.* at ¶ 15.) Plaintiff further avers in the Amended Complaint that this process is "costly and labor intensive" especially considering that he has amassed as vast library of photographs over his forty-year career. (*Id.* at ¶ 16.) These allegations

7

in addition to those concerning the discovery of the infringements are sufficiently pled and put the Defendant on notice that the discovery rule applies. *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008).

Defendant further argues that Plaintiff may only recover damages "for infringing acts actually occurring up to three years before the filing of the complaint [.]" (Doc. No. 32-1 at 7.) This argument is moot in light of Plaintiff's assertions of diligence, establishing that he nevertheless could not have known of the infringements. Even so, Defendant's position serves as an acknowledgement that this claim should move forward and that some damages are due.

In any event, the Court is not required to heed these considerations at this time, as questions regarding the statute of limitations are more appropriately resolved after discovery. *State Analysis, Inc.*, 621 F. Supp. 2d at 322–23. At this stage of the proceedings, all facts in the complaint are deemed true and the allegations are to be viewed in the light most favorable to Plaintiff. *Mylan Labs., Inc.*, 7 F.3d at 1134. The face of the Amended Complaint establishes that this action is timely brought within the statute of limitations. (*Id.* at ¶¶ 24–25.) Therefore, the Court must deny Defendant's motion to dismiss.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss the Amended Complaint.

/s/
Brian N. Casey
Virginia State Bar No. 26710
Attorney for Jeffrey R. Werner
TAYLOR WALKER P.C.
1206 Laskin Road, Suite 100
Virginia Beach, Virginia 23451
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com

/s/
Saba A. Basria (*pro hac vice*)
California Bar No. 307594
Attorney for Jeffrey R. Werner
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, California 92705-5418
(714) 617-8350
(714) 597-6559 (fax)
sbasria@higbeeassociates.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of January, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Damon W.D. Wright
Virginia State Bar No. 40319
Ryan M. Poteet
Virginia State Bar No. 86884
Attorneys for BN Media, LLC
GORDON & REES LLP
1101 King Street, Suite 520
Alexandria, Virginia 22314
(202) 339-1009
(202) 800-2999 (fax)
dwright@grsm.com
rpoteet@grsm.com

Anna Hart Mechling
Virginia State Bar No. 78563
Attorney for BN Media LLC
GORDON REES SCULLY MANSUKHANI, LLP
5425 Discovery Park Boulevard, Suite200
Williamsburg, Virginia 23188
(757) 903-0875
(757) 401-6770 (fax)
amechling@gsrm.com

s/
Brian N. Casey
Virginia Bar No. 26710
Attorney for Jeffrey R. Werner
TAYLOR WALKER P.C.

1206 Laskin Road, Suite 100  
Virginia Beach, VA 23451  
(757) 625-7300  
(757) 625-1504 (fax)  
bcasey@taylorwalkerlaw.com

/s/  
Saba A. Basria (*pro hac vice*)  
California Bar No. 307594  
Attorney for Jeffrey R. Werner  
HIGBEE & ASSOCIATES  
1504 Brookhollow Dr., Suite 112  
Santa Ana, California 92705-5418  
(714) 617-8350  
(714) 597-6559 (fax)  
sbasria@higbeeassociates.com